**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**(ROCK HILL DIVISION)**

|  |  |
|---|---|
| Wells Fargo Bank, National Association, as Trustee for the Benefit of the Registered Holders of JPMBB Commercial Mortgage Securities Trust 2014-C19, Commercial Mortgage Pass-Through Certificates, Series 2014-C19<br><br>Plaintiff,<br><br>v.<br><br>Kartar Singh,<br><br>Defendant. | Case No.: 0:21-2516-MGL<br><br>**DEFENDANT'S ANSWER**<br>**AND COUNTERCLAIMS**<br>**(Jury Trial Demanded)** |

Now comes Kartar Singh, ("Singh" or the "Defendant"), by and through his undersigned Counsel, hereby Answers the Complaint (the "Complaint") filed by the Plaintiff Wells Fargo Bank, National Association, as Trustee for the Benefit of the Registered Holders of JPMBB Commercial Mortgage Securities Trust 2014-C19, Commercial Mortgage Pass -Through Certificates, Series 2014-C19 (the "Bank" or the "Plaintiff") and would for his affirmative defenses affirmatively show the following:

## FOR A FIRST DEFENSE
### (General Denial)

1.  All allegations of the Complaint are denied unless otherwise admitted herein.

2.  The Defendant denies the allegations contained in the Plaintiff's Introduction.

3.  The Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 1 of the Complaint and therefore denies the same and demands strict proof thereof.

4.     The Defendant admits the allegations of paragraph 2.

5.     The Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 3 of the Complaint and therefore denies the same and demands strict proof thereof.

6.     The Defendant denies the allegations of paragraph 4 of the Complaint.

7.     The Defendant admits the allegations of paragraph 5 of the Complaint.

8.     The Defendant denies the allegations of paragraphs 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15 of the Complaint.

9.     The Defendant admits the allegations of paragraph 16 of the Complaint.

10.     The Defendant denies the allegations of paragraphs 18, and 19 of the Complaint.

11.     The allegations of paragraph 20 seek to incorporate other paragraphs as if realleged and therefore no response is necessary.    To the extent necessary, the Defendant incorporates as if realleged its responses to these paragraphs.

12.     The Defendant denies the allegations of paragraph 21, and 22 of the Complaint.

13.     The Defendant admits the allegations of paragraph 23 of the Complaint.

14.     The Defendant denies the allegations of paragraph 24, 25, 26, and all allegations contained in the Plaintiff's prayer for relief.

## COMMON FACTUAL ALLEGATIONS RELATING TO
## DEFENSES AND COUNTERCLAIMS

15.     On March 28, 2014, Kismet Rock Hill, LLC ("Kismet") entered into a Loan Agreement with Starwood Mortgage Capital, LLC ("Starwood").

16.     As part of the discussions leading up to the entering into the Loan, Starwood requested that the Defendant sign a conditional guaranty.    As explained by Starwood, the purpose of the guaranty was to prevent the Defendant from engaging in wrongdoing.

17.    In the event that the Defendant engaged in wrongdoing, the Defendant would become personally liable for the obligations of Kismet to Starwood.

18.    Similarly, Starwood explained that the purpose of the Loan Agreement between Starwood and Kismet was for Kismet to pledge its collateral for payment of the Note.   Only in the event that Kismet engaged in any wrongdoing, would Kismet become liable over and above the value of the collateral being pledged.

19.    As represented by Starwood, the conditional nature of the Borrower's liability and the Defendant's liability was expressed in Section 11.22 of the loan agreement found on page 99 of the loan agreement and entitled "Exculpation."

20.    As represented by Starwood, if the Borrower or the Defendant engaged in the wrongdoing specifically set forth in Section 11.22, only then would the Plaintiff bring any action against the Borrower (except foreclosure) or the Defendant.

21.    The provisions of Section 11.22 that apply to both the Borrower and the Defendant are found in subsections (i) through (xvii).   Even a cursory reading of these subsections establishes that the purpose of the provision is to prevent wrongdoing by the Defendant or the Borrower.

22.    Then, Section 11.22 continues to discuss when the Borrower, and only the Borrower, specifically not mentioning the Defendant, could be held liable for an event not involving wrongdoing.   Specifically, the Loan Agreement states, "the Obligations shall be fully recourse to Borrower in the event … Borrower files a voluntary petition under the Bankruptcy Code." Loan Agreement, Section 11.22 at page 101.

23.    Kismet Rock Hill, LLC ("Kismet") is the primary obligor on the obligation to

Starwood Mortgage Capital, LLC ("Starwood"). Starwood allegedly assigned the obligation to Starwood Mortgage Funding II, LLC ("Starwood Funding") who allegedly then assigned the obligation to Wells Fargo Bank, National Association, as Trustee for the benefit of the Registered Holders of JPMBB Commercial Mortgage Securities Trust 2014C-19, Commercial Mortgage Pass Through Certificates, Series 2014-C19. Wells Fargo Bank, National Association is the "REIT Trustee".

24.     The Registered Holders of JPMBB Commercial Mortgage Securities 2014-C19, Commercial Mortgage Pass Through Certificates, Series 2014-C19 are the "REIT Beneficiaries".

25.     The representatives of Kismet are familiar with the actions of Kartar Singh ("Singh") as the manager of Kismet. As manager, he has fiduciary obligations to do what is in the best interest of Kismet and its creditors, including the REIT Beneficiaries.

26.     Singh has engaged in no wrongdoing and is fulfilling his fiduciary obligations to Kismet and to the REIT Beneficiaries.

27.     To the contrary, the Plaintiff has breached its fiduciary obligations to the REIT Beneficiaries and breached its agreements with Kismet and the Defendant.

28.     Specifically, the Plaintiff has taken funds in the reserve accounts of Kismet that were being held for specific purposes, in trust by the Plaintiff. Instead of using these funds for their intended purpose, the Plaintiff used these funds for its own benefit.

29.     On March 16, 2021, the Defendant and other members of Kismet made a payment of $253,084.29 to the Plaintiff in exchange for a moratorium on making further monthly payments while the Defendant continued its efforts to survive under the financial distress caused by the Corona Virus Pandemic.

4

30.    Instead of honoring its agreement to provide a moratorium, the Plaintiff brought this foreclosure action and sought the appointment of a receiver.  Such a receiver would only significantly damage the reputation of the borrower and add a layer of unnecessary administrative costs on the already fragile financial situation of Kismet.

31.    Such actions were a breach of the Plaintiff's fiduciary duty to the REIT Beneficiaries, breach of its agreement with Kismet and a breach of the covenant of good faith and fair dealing found in all agreements entered into in South Carolina.

32.    Rather than allow the significant waste to the borrower that would have resulted from the actions of the Plaintiff, the Defendant agreed that Kismet needed to restructure using its entitlement under the United States Bankruptcy Code.

33.    In bringing this suit, the Plaintiff seeks to extort the Defendant and all other similarly situated defendants in an effort to prevent them from fulfilling their fiduciary obligations.

### FOR A FIRST AFFIRMATIVE DEFENSE
### (Against Public Policy – Enforcement of Ipso Facto Clause)

34.    The Defendant realleges the allegations above as if repeated verbatim.

35.    The Defendant seeks to enforce an ipso facto clause.

36.    Such clauses are not enforceable as a matter of law.

37.    Wherefor this case should be dismissed as against public policy.

### FOR A SECOND AFFIRMATIVE DEFENSE

### (Against Public Policy – Extortion to Breach Fiduciary Duty)

38.    The Defendant realleges the allegations above as if repeated verbatim.

39.    In bringing this lawsuit, the Plaintiff seeks to prevent the Defendant from

fulfilling his fiduciary duties to Kismet and to the creditors of Kismet.

40.    The Plaintiff is bringing economic extortion in an effort to prevent the Defendant from do what is in the best interests of Kismet, its creditors and the beneficiaries of the REIT.

41.    Wherefore, because this action is against public policy as an effort to prevent the Defendant from fulfilling his fiduciary obligations, this case must be dismissed.

### FOR A THIRD AFFIRMATIVE DEFENSE AND FIRST COUNTERCLAIM
### (Breach of Contract)

42.    The Defendant realleges the allegations above as if repeated verbatim.

43.    The Plaintiff and Defendant entered into multiple agreements.

44.    The Plaintiff has breached these multiple agreements, including the guaranty agreement and loan agreement which is incorporated into the guaranty agreement.

45.    The Plaintiff has breached the covenant of good faith and fair dealing which is incorporated into every contract entered into in South Carolina.

46.    The Defendant has been damaged by the Plaintiff's breaches in that the actions of the Plaintiff have significantly reduced the equity that the Defendant had in Kismet and the Defendant has had to incur legal fees and costs in Defending the Plaintiff's attempts at requiring the Defendant to breach his fiduciary obligations.

47.    Wherefore, the Defendant prays that this court enter judgment against the Plaintiff in an amount to be shown at trial.

### FOR A FOURTH AFFIRMATIVE DEFENSE AND SECOND COUNTERCLAIM
### (Fraud in the Inducement)

48.    The Defendant realleges the allegations above as if repeated verbatim.

49.    As alleged, the Plaintiff induced the Defendant to sign the Guaranty by

representing that he would only become personally liable in the event that he committed some act of wrongdoing.

50.     As included in the documents, the Kismet filing bankruptcy is not an act of wrongdoing.

51.     The Plaintiff now takes the position that the filing of bankruptcy is an act of wrongdoing.

52.     If that position is correct, the Plaintiff induced the Defendant to execute the guaranty by fraud.  Specifically, the Plaintiff made representations, those representations were false when the Plaintiff made them, the representations were intended to be relied upon, the Defendant did not know and could not have known that the representations were false, the Defendant relied upon the representations, the Defendant was damaged by relying upon the representations, and the damages were the proximate and direct result of the Plaintiff's representations.

53.     Wherefore, the Defendant prays for a judgment against the Plaintiff in the amount to be shown at trial of the equity lost by the Defendant in Kismet, any liability imposed upon the Defendant as a result of the fraudulently induced guaranty as well as the costs and expenses of defending this litigation.

WHEREFORE, having fully responded to the Plaintiff's complaint, the Defendant would respectfully request an order of the Court as follows:

a.     The Court dismiss this Complaint as against Public Policy seeking to enforce an ipso facto clause;

b.     The Court dismiss this Complaint as against Public Policy as seeking to extort the

Defendant to breach his fiduciary duties;

  c.  The Court grant judgment against the Plaintiff for its breach of contract;

  d.  The Court grant judgment against the Plaintiff for its fraudulent inducement to the Defendant;

  e.  The Court grant judgment against the Plaintiff for the actual damages suffered by the Defendant;

  f.  The Court grant judgment against the Plaintiff for punitive damages for the fraudulent inducement of the Defendant;

  g.  The Court grant judgment for the attorney fees and costs of this litigation;

  h.  The Court grant such other and further relief as it deems just and proper.

      Respectfully Submitted,

      GLEISSNER LAW FIRM, LLC
      Attorneys for Kartar Singh

      s/ Richard R. Gleissner
      Richard R. Gleissner (#5389)
      1237 Gadsden Street, Suite 200A
      Columbia, SC 29201
      Telephone   803-787-0505
      Facsimile 803-712-4283
      Cell Phone 803-603-2228
      rick@gleissnerlaw.com

May 20, 2022